B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT

Western District of Texas

In re GEORGE RONALD WALTERS,
*Debtor*

Case No. 14-60285
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: JPMorgan Chase Bank, N.A.

2. Amount of the debt subject to this reaffirmation agreement:
$ 16,133.10 on the date of bankruptcy $ 15,675.81 to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 5.84 % prior to bankruptcy
5.84 % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $512.60 per month for 33 months

5. Collateral, if any, securing the debt: Current market value: $ 21,825.00 NADA
Description: 2009 BMW 135I

6. Does the creditor assert that the debt is nondischargeable? ___Yes ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**

7A. Total monthly income from Schedule I, line 12 $ 12,763.37

8A. Total monthly expenses from Schedule J, line 22 $ 10,304.66

9A. Total monthly payments on reaffirmed debts not listed on Schedule J $ 0

**Debtor's Income and Expenses as Stated on Reaffirmation Agreement**

7B. Monthly income from all sources after payroll deductions $ 12,763.37

8B. Monthly expenses $ 10,304.66

9B. Total monthly payments on reaffirmed debts not included in monthly expenses $ 0

10B. Net monthly income $ 2458.71
(Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.)

11. Explain with specificity any difference between the income amounts (7A and 7B):

12. Explain with specificity any difference between the expense amounts (8A and 8B):

If line 11 or12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

| ______________________________ | ______________________________ |
|---|---|
| Signature of Debtor (only required if line 11 or 12 is completed) | Signature of Joint Debtor (if applicable, and only required if line 11 or 12 is completed) |

**Other Information**

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?

✓ Yes ______No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?

✓ Yes ______No

**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

Angela Encinas
Signature

ANGELA ENCINAS Creditor
Print/Type Name & Signer's Relation to Case

**B240A/B ALT (Form 240A/B ALT) (Reaffirmation Agreement) (12/11)**

☐ **Presumption of Undue Hardship**
☑ **No Presumption of Undue Hardship**
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT

Western District of Texas

In re GEORGE RONALD WALTERS, Debtor

Case No. 14-60285
Chapter 7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☑ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)

☑ Part B: Reaffirmation Agreement

☑ Part C: Certification by Debtor's Attorney

☑ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. **Note also:** If you complete Part E, you must prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

**Name of Creditor:** JPMorgan Chase Bank, N.A.

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures*:**

**SUMMARY OF REAFFIRMATION AGREEMENT**

This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm: $ 15,675.81

***The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.***

**ANNUAL PERCENTAGE RATE**

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: ______%.

--- *And/Or* ---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _________%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ ________@ ________%;
$________ @ ________%;
$________ @ ________%.

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 5.84 %.

--- And/Or ---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _________%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ ________ @ ________%;
$ ________ @ ________%;
$ ________ @ ________%.

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2009 BMW 135I | $30,997.38 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ 512.60 is due on 5/14/14 (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

*— Or —*

Your payment schedule will be: ________(number) payments in the amount of $__________ each, payable (monthly, annually, weekly, etc.) on the _________ (day) of each ___________ ( week, month, etc.), unless altered later by mutual agreement in writing.

*— Or —*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

**2. INSTRUCTIONS AND NOTICE TO DEBTOR**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A ''lien'' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor ''may'' do, it does not use the word "may'' to give the creditor specific permission. The word ''may'' is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**PART B: REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   Motor Vehicle Year/Make/Model:
   2009 BMW 135I

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:

GEORGE R. WALTERR
(Print Name)

[signature]
(Signature)

Date: 5-8-2014

Co-borrower, if also reaffirming these debts:

(Print Name)

(Signature)

Date: ______________

Accepted by creditor:

JPMorgan Chase Bank, N.A.
(Printed Name of Creditor)

P.O. Box 29505 AZ1-1191
Phoenix, AZ 85038-9505
(Address of Creditor)

[signature]
(Signature)

ANGELA ENCINAS Bankruptcy Specialist
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:
6/2/14

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: DAVID C. ALFORD

Signature of Debtor's Attorney: [signature]

Date: 5/8/14

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*[Read and complete sections 1 and 2, __**OR**__, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 __and__ your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $12,763.37, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $9792.06, leaving $2971.31 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: ____________

______________________________________________________________________

______________________________________________________________________.

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: [signature]
(Debtor)

______________________________
(Joint Debtor, if any)

Date: 5-8-2014

*— Or —*

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: ______________________________
(Debtor)

______________________________
(Joint Debtor, if any)

Date: ________________

DEAL# 75964
CUST# 100221616
STK # 702007A

**MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT**
**SIMPLE FINANCE CHARGE**

Dealer Number ____ Contract Number ____

| | | | |
|---|---|---|---|
| BUYER | GEORGE R WALTERS | SELLER-CREDITOR | SEWELL INFINITI |
| ADDRESS | 1313 FORT COLLINS DR | ADDRESS | 7110 LEMMON |
| CITY | WOODWAY STATE TX ZIP 76712 | CITY | DALLAS STATE TX ZIP 75209 |
| PHONE | | PHONE | |

| | |
|---|---|
| CO-BUYER | |
| ADDRESS | |
| CITY | STATE ZIP |
| PHONE | |

The Buyer is referred to as "you" or "your." The Seller is referred to as "we" or "us." This contract may be transferred by the Seller.
PROMISE TO PAY: The credit price is shown below as the "Total Sales Price." The "Cash Price" is also shown below. By signing this contract, you choose to purchase the vehicle on credit according to the terms of this contract. You agree to pay us the Amount Financed, Finance Charge, and any other charges in this contract. You agree to make payments in U.S. funds according to the Payment Schedule in this contract. If more than one person signs as a buyer, you agree to keep all the promises in this agreement even if the others do not.

You have thoroughly inspected, accepted, and approved the vehicle in all respects.

**VEHICLE IDENTIFICATION**

| YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER | | USE FOR WHICH PURCHASED |
|---|---|---|---|---|---|
| 2009 | BMW | 135I | WBAUN93589VK40356 | ☐ NEW ☐ DEMONSTRATOR ☐ FACTORY OFFICIAL/EXECUTIVE ☐ USED | PERSONAL, FAMILY, OR HOUSEHOLD, UNLESS OTHERWISE INDICATED BELOW ☐ BUSINESS OR COMMERCIAL ☐ AGRICULTURAL |

Trade-In: Make N/A Model N/A
Year N/A VIN N/A License No. N/A

**FEDERAL TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $1500.00 |
|---|---|---|---|---|
| 5.84 % | $ 5909.42 | $ 30997.38 | $ 36907.20 | $ 38407.20 |

Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 512.60 | Monthly beginning 12/14/2010 |
| | | Or as follows: |

Late Charge: If we do not receive your entire payment within 15 days after it is due (10 days if you are buying a heavy commercial vehicle), you will pay a late charge of 5% of the scheduled payment.
Prepayment. If you pay all that you owe early, you will not have to pay a penalty.
Security Interest. We will have a security interest in the vehicle being purchased.
Additional Information: See this document for more information about nonpayment, default, security interests, and any required repayment in full before the scheduled date.

**ITEMIZATION OF AMOUNT FINANCED**

1 Cash Price (including any accessories, services, taxes) N/A N/A N/A N/A N/A N/A N/A N/A $ 29777.00 (1)

2 Total Downpayment = (If negative, enter "0" and see Line 4A below)
- Gross Trade-In $ N/A
- − Pay Off Made By Seller $ N/A
- = Net Trade In $ N/A
- + Cash $ 1500.00
- + Mfr. Rebate $ N/A
- + Other (describe) N/A $ N/A
- Total Downpayment $ 1500.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ 28277.00 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts.):
- A Net trade-in payoff to N/A $ 0.00
- B Cost of Optional Credit Insurance Paid to Insurance Company or Companies. Life $ N/A; Disability $ N/A — $ N/A
- C Other Optional Insurance Paid to Insurance Company or Companies $ 549.27
- D Official Fees Paid to Government Agencies N/A N/A
  - (1) to N/A for N/A $ N/A
  - (2) to N/A for N/A $ N/A
  - (3) to for $ N/A
- E Debt Cancellation Agreement Fee Paid to the Seller $ 65.06
- F Dealer's Inventory Tax (If Not Included in Cash Price) $ 1861.06
- G Sales Tax (If Not Included in Cash Price) $ N/A
- H Other Taxes (If Not Included in Cash Price) $
- I Government License and/or Registration Fees LTC FEE? $ 70.80 / 30.00
- J Government Certificate of Title Fees $ N/A
- K Government Vehicle Inspection Fees $ N/A
- L Deputy Service Fee Paid to Dealer $ 138.19
- M Documentary Fee (Cargo Documental) $

A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS RELATING TO THE SALE. A DOCUMENTARY FEE MAY NOT EXCEED A REASONABLE AMOUNT AGREED TO BY THE PARTIES. THIS NOTICE IS REQUIRED BY LAW.

UN CARGO DOCUMENTAL NO ES UN CARGO OFICIAL. LA LEY NO EXIGE QUE SE IMPONGA UN CARGO DOCUMENTAL. PERO ÉSTE PODRÁ COBRARSE A LOS COMPRADORES POR EL MANEJO DE LA DOCUMENTACIÓN EN RELACIÓN CON LA VENTA. UN CARGO DOCUMENTAL NO PUEDE EXCEDER UNA CANTIDAD RAZONABLE ACORDADA POR LAS PARTES. ESTA NOTIFICACIÓN SE EXIGE POR LEY.

- N Other Charges (Seller must identify who is paid and describe purpose) $ N/A
  - to N/A for Plate/Transfer Fee $ N/A
  - to N/A for N/A $ N/A
  - to N/A for N/A $ N/A
  - to N/A for N/A $ N/A
  - to N/A for N/A $ N/A
  - to N/A for N/A $ N/A
  - to N/A for N/A $ N/A
  - to N/A for N/A $ N/A
  - to N/A for N/A $ N/A
  - to for $ N/A

Total Other Charges and Amounts Paid to Others on Your Behalf $ 2720.38 (4)
5 Amount Financed (3 + 4) $ 30997.38 (5)

PROPERTY INSURANCE. You must keep the collateral insured against damage or loss in the amount you owe. You must keep this insurance until you have paid all that you owe under this contract. You may obtain property insurance from anyone you want or provide proof of insurance you already have. The insurer must be authorized to do business in Texas. You agree to give us proof of property insurance. You must name us as the person to be paid under the policy in the event of damage or loss.
If any insurance is checked below, policies or certificates from the insurance companies will describe the terms, conditions, and deductibles.

***Optional Credit Life and Credit Disability Insurance***
Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. Your decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

☐ Credit Life, one buyer $ N/A N/A
☐ Credit Life, both buyers $ N/A N/A
☐ Credit Disability, one buyer $ N/A N/A
☐ Credit Disability, both buyers $ N/A N/A

N/A (Insurance Company)
N/A (Home Office Address)

Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments.
If the term of the insurance is 121 months or longer, the premium is not fixed or approved by the Texas Insurance Commissioner.

You want the insurance indicated above.
X N/A Buyer's signature Date
X N/A Co-Buyer's signature Date

***Optional Insurance Coverages and Debt Cancellation Agreement***
The granting of credit will not be dependent on the purchase of either the insurance coverages or the debt cancellation agreement described below. It will not be provided unless you sign and agree to pay the extra cost. The credit approval process will not be affected by whether or not you buy these insurance coverages or the debt cancellation agreement.

| Coverage | Term in Months | Premium or Fee |
|---|---|---|
| GAP | 72 | 549.27 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| | N/A | N/A |
| Debt Cancellation Agreement | | |

VEHICLE ONE
SOUTHFIELD MI (Insurance Company)
(Home Office Address)

"If the vehicle is determined to be a total loss, GAP insurance will pay us the difference between the proceeds of your basic collision policy and the amount you owe on the vehicle, minus your deductible. You can cancel that insurance without charge for 30 days from the date of this contract.
"WE WILL CANCEL CERTAIN AMOUNTS YOU OWE UNDER THIS CONTRACT IN THE CASE OF A TOTAL LOSS OR THEFT OF THE VEHICLE AS STATED IN THE DEBT CANCELLATION AGREEMENT. You can cancel the debt cancellation agreement without charge for a period of 30 days from the date of this contract, or for the period stated in the debt cancellation agreement, whichever period ends later.
If the insurance premium for an insurance coverage indicated above is marked, that premium is not fixed or approved by the Texas Insurance Commissioner. A debt cancellation agreement is not insurance and is regulated by the Office of the Consumer Credit Commissioner.
For the premium or fees indicated above, you want the optional coverages and debt cancellation agreement.
X [signature] 10/30/10 Buyer's signature Date
X Co-Buyer's signature Date

LIABILITY INSURANCE: THIS CONTRACT DOES NOT INCLUDE INSURANCE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.

**CONSUMER CREDIT COMMISSIONER NOTICE**
To contact JPMORGAN CHASE BANK N A about this account, call [redacted]. This contract is subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 N. Lamar Blvd., Austin, Texas 78705-4207, [redacted] www.occc.state.tx.us, and can be contacted relative to any inquiries or complaints.

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

Any change to this contract must be in writing. Both you and we must sign it. No oral changes to this contract are enforceable.

Buyer X [signature] Co-Buyer X N/A

See back for other important agreements.

**CONSUMER WARNING:** Notice to the buyer—Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to a copy of the contract you sign. Under the law, you have the right to pay off in advance all that you owe and under certain conditions may save a portion of the finance charge. You will keep this contract to protect your legal rights.

**BUYER'S ACKNOWLEDGEMENT OF CONTRACT RECEIPT: YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW.**

Buyer Signs X [signature] Date 10/30/10 Co-Buyer Signs X N/A Date

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here SEWELL INFINITI Date 10/30/10
Seller signs JPMORGAN CHASE BANK N A [signature] [signature]
THIS CONTRACT IS NOT VALID UNTIL YOU AND WE SIGN IT. SEWELL INFINITI

Seller assigns its interest in this contract to (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse ☐ Assigned without recourse ☐ Assigned with limited recourse
Seller By [signature] Title [signature]



ORIGINAL LIENHOLDER

## OTHER TERMS AND CONDITIONS

**1. FINANCE CHARGE AND PAYMENTS**

a. **HOW WE FIGURE THE FINANCE CHARGE.** We figure the Finance Charge using the true daily earnings method as defined by the Texas Finance Code. Under the true daily earnings method, the Finance Charge will be figured by applying the daily rate to the unpaid portion of the Amount Financed for the number of days the unpaid portion of the Amount Financed is outstanding. The daily rate is 1/365th of the Annual Percentage Rate. The unpaid portion of the Amount Financed does not include late charges or return check charges.

b. **HOW WE WILL APPLY YOUR PAYMENTS.** We will apply your payments in the following order:
   1. earned but unpaid finance charge; and
   2. to anything else you owe under this agreement.

c. **HOW LATE OR EARLY PAYMENTS CHANGE WHAT YOU MUST PAY.** We based the Finance Charge, Total of Payments, and Total Sale Price as if all payments were made as scheduled. If you do not timely make all your payments in at least the correct amount, you will have to pay more Finance Charge. If that happens, your last payment will be more than your final scheduled payment, or at our option, you will have to pay more payments of the same amount as your scheduled payment with a smaller last payment. If you make scheduled payments early, your Finance Charge will be reduced (less). If you make your scheduled payments late, your Finance Charge will increase. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **INTEREST AFTER MATURITY.** If you do not pay all you owe when the final payment becomes due, or you do not pay all you owe if we demand payment in full under this contract, you will pay an interest charge on the amount that is still unpaid. That interest charge will be the higher rate of 18% per year or the maximum rate allowed by law, if that rate is higher. The interest charge for this amount will begin the day after the final payment becomes due.

e. **TRANSFER OF RIGHTS.** We may transfer this contract to another person. That person will then have all our rights, privileges, and remedies.

f. **SPECIAL PROVISIONS FOR BALLOON PAYMENT CONTRACTS.** A balloon payment is a scheduled payment more than twice the amount of the average of your scheduled payments, other than the downpayment, that are due before the balloon payment. You can pay all you owe when the balloon payment is due and keep your vehicle. If you buy the vehicle primarily for personal, family, or household use, you can enter into a new written agreement to refinance the balloon payment when due without a refinancing fee. If you refinance the balloon payment, your periodic payments will not be larger or more often than the payments in this contract. The annual percentage rate in the new agreement will not be more than the Annual Percentage Rate in this contract. This provision does not apply if your Payment Schedule has been adjusted to your seasonal or irregular income.

**2. YOUR OTHER PROMISES TO US**

a. **USE AND TRANSFER OF THE VEHICLE.** You will not sell or transfer the vehicle without our written permission. If you do sell or transfer the vehicle, this will not release you from your obligations under this contract, and we may charge you a transfer of equity fee of $25.00 ($50 for a heavy commercial vehicle). You will promptly tell us in writing if you change your address or the address where you keep the vehicle. We agree you may remove the vehicle from the U.S. for 72 hours or less, if the vehicle will continue to be covered by the insurance this contract requires. Otherwise, you agree not to remove the vehicle from the U.S. without our written permission.

b. **CARE OF THE VEHICLE.** You agree to keep the vehicle free from all liens, and claims except those that secure this contract. You will timely pay all taxes, fines, or charges pertaining to the vehicle. You will keep the vehicle in good repair. You will not allow the vehicle to be seized or placed in jeopardy or use it illegally. You must pay all you owe even if the vehicle is lost, damaged or destroyed. If a third party takes a lien or claim against or possession of the vehicle, we may pay the third party any cost required to free the vehicle from all liens or claims. We may immediately demand that you pay us the amount paid to the third party for the vehicle. If you do not pay this amount, we may repossess the vehicle and add that amount to the amount you owe. If we do not repossess the vehicle, we may still demand that you pay us, but we cannot compute a finance charge on this amount.

c. **SECURITY INTEREST.** To secure all that you owe on this contract and all your promises in it, you give us a security interest in:
   1. The vehicle including all accessories and parts now or later attached and any other goods financed in this contract;
   2. All insurance proceeds and other proceeds received for the vehicle;
   3. Any insurance policy, service contract or other contract financed by us and any proceeds of those contracts; and
   4. Any refunds of charges included in this contract for insurance, or service contracts.

   This security interest also secures any extension or modification of this contract. The certificate of title must show our security interest in the vehicle.

d. **AGREEMENT TO KEEP VEHICLE INSURED.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle.

e. **OUR RIGHT TO PURCHASE REQUIRED INSURANCE IF YOU FAIL TO KEEP THE VEHICLE INSURED.** If you fail to give us proof that you have insurance, we may buy physical damage insurance. We may buy insurance that covers your interest and our interest in the vehicle, or we may buy insurance that covers our interest only. You will pay the premium for the insurance and a finance charge at the contract rate. If we obtain collateral protection insurance, we will mail notice to your last known address shown in our file.

f. **PHYSICAL DAMAGE INSURANCE PROCEEDS.** You must use physical damage insurance proceeds to repair the vehicle, unless we agree otherwise in writing. However, if the vehicle is a total loss, you must use the insurance proceeds to pay what you owe us. You agree that we can use any proceeds from insurance to repair the vehicle, or we may reduce what you owe under this contract. If we apply insurance proceeds to the amount you owe, they will be applied to your payments in the reverse order of when they are due. If your insurance on the vehicle or credit insurance doesn't pay all you owe, you must pay what is still owed. Once all amounts owed under this contract are paid, any remaining proceeds will be paid to you.

g. **RETURNED INSURANCE PREMIUMS AND SERVICE CONTRACT CHARGES.** If we get a refund on insurance or service contracts, or other contracts included in the cash price, we will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

h. **APPLICATION OF CREDITS.** Any credit that reduces your debt will apply to your payments in the reverse order of when they are due, unless we decide to apply it to another part of your debt. The amount of the credit and all finance charge or interest on the credit will be applied to your payments in the reverse order of your payments.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **LATE CHARGE.** You will pay us a late charge as agreed to in this contract when it accrues.

b. **DEFAULT.** You will be in default if:
   1. You do not pay any amount when it is due;
   2. You give false, incomplete, or misleading information on a credit application;
   3. You file bankruptcy, bankruptcy is filed against you, or the vehicle becomes involved in a bankruptcy;
   4. You allow a judgment to be entered against you or the collateral; or
   5. You break any of your promises in this agreement.

   If you default, we can exercise our rights under this contract and our other rights under the law.

c. **OUR RIGHT TO DEMAND PAYMENT IN FULL.** If you default, or we believe in good faith that you are not going to keep any of your promises, we can demand that you immediately pay all that you owe. We don't have to give you notice that we are demanding or intend to demand immediate payment of all that you owe.

d. **REPOSSESSION.** If you default, we may repossess the vehicle from you if we do so peacefully. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If any personal items are in the vehicle, we can store them for you and give you written notice at your last known address shown on our records within 15 days of discovering that we have your personal items. If you do not ask for these items back within 31 days from the day we mail or deliver the notice to you, we may dispose of them as applicable law allows. Any accessory, equipment, or replacement part stays with the vehicle.

e. **YOUR RIGHT TO REDEEM.** If we take your vehicle, we will tell you how much you have to pay to get it back. If you do not pay us to get the vehicle back, we can sell it or take other action allowed by law. Your right to redeem ends when the vehicle is sold or we have entered into a contract for sale or accepted the collateral as full or partial satisfaction of a contract.

f. **DISPOSITION OF THE VEHICLE.** If you don't pay us to get the vehicle back, we can sell it or take other action allowed by law. We will send you notice at least 10 days before we sell it. We can use the money we get from selling it to pay allowed expenses and to reduce the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left, we will pay it to you unless we must pay it to someone else. If the money from the sale is not enough to pay all you owe, you must pay the rest of what you owe us plus interest. If we take or sell the vehicle, you will give us the certificate of title and any other document required by state law to record transfer of title.

g. **COLLECTION COSTS.** If we hire an attorney who is not our employee to enforce this contract, you will pay reasonable attorney's fees and court costs as the applicable law allows. You will also pay our reasonable out-of-pocket expenses incurred in connection with retaking, holding, and selling the vehicle as the applicable law allows.

h. **CANCELLATION OF OPTIONAL INSURANCE AND SERVICE CONTRACTS.** This contract may contain charges for insurance or service contracts or for services included in the cash price. If you default, you agree that we can claim benefits under these contracts to the extent allowable, and terminate them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is damaged or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. INTEGRATION AND SEVERABILITY CLAUSE**

This contract contains the entire agreement between you and us relating to the sale and financing of the vehicle. If any part of this contract is not valid, all other parts stay valid.

**5. LEGAL LIMITATIONS ON OUR RIGHTS**

If we don't enforce our rights every time, we can still enforce them later. We will exercise all of our rights in a lawful way. You don't have to pay finance charge or other amounts that are more than the law allows. This provision prevails over all other parts of this contract and over all our other acts.

**6. SELLER'S DISCLAIMER OF WARRANTIES**

Unless the seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**7.** Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**8. APPLICABLE LAW**

Federal and Texas law apply to this contract.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

This PROVISION applies to this contract only if the vehicle financed in the contract was purchased for personal, family, or household use.

### ARBITRATION CLAUSE

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute.

Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action.

Arbitration shall be conducted by the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed.

We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law.

If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control.

The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs.

Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit.

Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract.

If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable. Not withstanding any other provision of this Arbitration Clause, the validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

Form No. [illegible]

Upon sale of this vehicle, the purchaser must apply for a new title within 20 working days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

005821

JPMORGAN CHASE BANK NA
PO BOX 901098
FT WORTH, TX 76101-2098

DETACH HERE

# TEXAS CERTIFICATE OF TITLE

TxDMV

TEXAS DEPARTMENT OF MOTOR VEHICLES
98089634

VEHICLE IDENTIFICATION NUMBER: WBAUN93589VK40358
YEAR MODEL: 2009
MAKE OF VEHICLE: BMW
BODY STYLE: CV
TITLE/DOCUMENT NUMBER: 05701740484113142
DATE TITLE ISSUED: 11/16/2010
MODEL: 13I
MFG. CAPACITY IN TONS:
WEIGHT: 3800
LICENSE NUMBER:
PREVIOUS OWNER: SEWELL INFINITI DALLAS TX
ODOMETER READING: 16070
OWNER:
GEORG R WALTERS
1313 FT COLLINS DR
WACO, TX 76712-8844
REMARK(S): ACTUAL MILEAGE

X
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN: 10/30/2010
1ST LIENHOLDER:
JPMORGAN CHASE BANK NA
PO BOX 901098
FT WORTH, TX 76101-2098

1ST LIEN RELEASED ______ DATE
BY ______ AUTHORIZED AGENT

DATE OF LIEN
2ND LIENHOLDER

2ND LIEN RELEASED ______ DATE
BY ______ AUTHORIZED AGENT

DATE OF LIEN
3RD LIENHOLDER

3RD LIEN RELEASED ______ DATE
BY ______ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE ______ DATE
SIGNATURE ______ DATE
SIGNATURE ______ DATE

FORM 30-C REV. 2/2010

DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

```
AMAI CIGA     04/22/14          ACCOUNT INQUIRY              15:08:49

CTL2 001  CTL3 000  CTL4 0000  ACCT           5518         EFF DATE        04/22/14
CTL2 001  CTL3 000  CTL4 0000  CUST           8487         LEGAL STAT = B
                                                           SIMPLE INT - FIXED RATE
PAYOFF               15675.81  ******** RATES *********    AUTO DR                N
ORIG LOAN AMT        30997.38  CURR RATE       5.8400000   PROD TYPE           IRFC
ORIG PROCEEDS        30997.38  ORIG RATE       5.8400000   PRIM OFFICER       826
LT CHG DUE               0.63  PER DIEM        2.5008255   GL KEY 01   001   3493 1
FEES DUE                 0.00  ********* DATES ********    CALL CODE           06B0
CURRENT PRIN         15630.16  CONTRACT DATE    10/30/10   ***** REPAYMENTS *****
CURRENT INT             45.02  CURR MATURITY    01/14/17   CURR TERM             74
***************************    CLOSED DATE                 PYMTS MADE            39
REG PYMT AMT           512.60  NEXT DUE DATE    05/14/14   PYMTS REM             33
NEXT DUE AMT           513.23  PAST DUE DATE    05/14/14   MONTHS EXTD 002    REN N
PAST DUE AMT             0.00  LAST MAINT DT    04/01/14   YTD INT COLL      262.43
***************************    LST BAL CHG DT   04/04/14   INT COL PREV     1162.77
GEORGE R WALTERS                                           ***** CREDIT HIST *****
1313 FORT COLLINS DR                                       016 030 060 090 120 150
                                          COLLATERAL       000 001 000 000 000 000
WOODWAY                      TX 76712-8844 CODE: AU
PH (                            DESC: 2009 BMW              135I
PF3-ADDL INFO   PF9-CUST INFO   PF10-ENDORSER INFO
```

```
AMAI CIGA     04/22/14             ACCOUNT INQUIRY               15:08:49

CTL2 001  CTL3 000  CTL4 0000  ACCT          5518_     EFF DATE        03/31/14
CTL2 001  CTL3 000  CTL4 0000  CUST                    ACTIVE ACCOUNT
                                                        SIMPLE INT - FIXED RATE
PAYOFF                16133.10  ******** RATES *********  AUTO DR                N
ORIG LOAN AMT         30997.38  CURR RATE      5.8400000  PROD TYPE           IRFC
ORIG PROCEEDS         30997.38  ORIG RATE      5.8400000  PRIM OFFICER        826
LT CHG DUE                0.63  PER DIEM       2.5725519  GL KEY 01   001  3493 1
FEES DUE                  0.00  ********* DATES ********  CALL CODE           06B0
CURRENT PRIN          16078.45  CONTRACT DATE   10/30/10  ***** REPAYMENTS *****
CURRENT INT              54.02  CURR MATURITY   01/14/17  CURR TERM             74
**************************      CLOSED DATE               PYMTS MADE            38
REG PYMT AMT            512.60  NEXT DUE DATE   04/14/14  PYMTS REM             34
NEXT DUE AMT            513.23  PAST DUE DATE   04/14/14  MONTHS EXTD 002    REN N
PAST DUE AMT              0.00  LAST MAINT DT   12/26/13  YTD INT COLL      198.12
**************************      LST BAL CHG DT  03/10/14  INT COL PREV     1162.77
GEORGE R WALTERS                                          ***** CREDIT HIST *****
1313 FORT COLLINS DR                                      016 030 060 090 120 150
                                          COLLATERAL      000 001 000 000 000 000
WOODWAY                     TX 76712-8844 CODE: AU
PH (                            DESC: 2009 BMW             135I
PF3-ADDL INFO  PF9-CUST INFO  PF10-ENDORSER INFO
```

# NADA Official Used Car Guide
## Tuesday, April 22, 2014

## Vehicle Summary NADA Values

| | | | |
|---|---|---|---|
| **Region:** | **Southwestern - April 2014** | **Reference #:** | |
| **Vehicle Description:** | **2009 BMW**<br>**1 Series**<br>**Convertible 2D 135i** | **VIN:** | **WBAUN93589VK40358** |
| **MSRP:** | **$39,900** | **Weight:** | **3,660** |
| **Mileage:** | **72,500** | | |

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Base Value** | **$15,325** | **$17,350** | **$19,025** | **$17,125** | **$21,825** |
| **Optional Equipment** | | | | | |
| **Option Total** | **$0** | **$0** | **$0** | **$0** | **$0** |
| **Mileage Adjustment** | **$0** | **$0** | **$0** | **$0** | **$0** |
| **Total NADA Official Used Car Guide Values** | **$15,325** | **$17,350** | **$19,025** | **$17,125** | **$21,825** |

NADA assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.
Copyright NADA Services Corp. 2014
All rights reserved.

DEBTED, DEBTEDJT

## U.S. Bankruptcy Court
## Western District of Texas (Waco)
## Bankruptcy Petition #: 14-60285-rbk

*Date filed:* 03/31/2014
*341 meeting:* 05/08/2014
*Deadline for objecting to discharge:* 07/07/2014

*Assigned to:* Chief Bkptcy Judge Ronald B. King
Chapter 7
Voluntary
No asset

***Debtor***
**George Ronald Walters**
1313 Ft. Collins
Waco, TX 76712
MCLENNAN-TX
SSN / ITIN: xxx-xx-8452

represented by **David C. Alford**
Pakis, Giotes, Page & Burleson
400 Austin Ave., Ste. 400
P. O. Box 58
Waco, TX 76703-0058
254-297-7300
Fax : 254-297-7301
Email: alford@pakislaw.com

***Debtor***
**Jennifer Evanson Walters**
1313 Ft. Collins
Waco, TX 76712
MCLENNAN-TX
SSN / ITIN: xxx-xx-6242
***fka* Jennifer Evanson**

represented by **David C. Alford**
(See above for address)

***Trustee***
**James Studensky**
3912 W. Waco Drive
Waco, TX 76710
(254) 776-9630

| Filing Date | # | Docket Text |
|---|---|---|
| 04/01/2014 | | Declaration for Electronic Filing Received (Related Document(s): 1 Voluntary Petition under Chapter 7 With Schedules, With Statements, (Filing Fee: $ 306) filed by George Ronald Walters, Jennifer Evanson Walters. - Declaration for Electronic Filing due by 04/7/2014) (Stephens, Deborah) |
| | 3 (3 pgs) | Meeting of Creditors & Notice of Appointment of Interim Trustee James Studensky, added to the case. with 341(a) |